## U.S. DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN

No: 1:07-mc-00001-JHM

IN RE:

**JOEY SCOTT PIPER**

**JANET LYNN PIPER**

### OPINION AND ORDER

This matter is before the Court on a Motion to Withdraw Reference by Hyundai Motor Finance Company (Hyundai). Hyundai is a creditor in a bankruptcy proceeding before Judge Lloyd, whose former husband is a partner in the law firm that provides counsel for Hyundai. This dispute centers around Judge Lloyd's failure to recuse and the issuance of a show cause order related to Hyundai's choice of counsel. This Court must now consider whether there is cause to withdraw the referral of the matter to Bankruptcy Court.

### Discussion

Bankruptcy cases arising in the Western District of Kentucky are referred to the Bankruptcy Court pursuant to Local Rule 83.12. A federal statute explains the procedure for returning a case to District Court. 28 U.S.C.A. § 157(d). The statute provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Withdrawal is not mandatory in this case, and thus the Court must determine whether cause has been shown for this case to be withdrawn from the Bankruptcy Court.

Section 157 does not provide explanation for what may constitute "cause" to withdraw a referral. A Court sitting in the Western District of Kentucky examined this issue in Big Rivers Electric Corporation v. Green River Coal Co., Inc., 182 B.R. 751 (W.D. Ky 1995). In Big Rivers, the court explained that factors for a district court to consider are "judicial economy, promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditors' resources, and expediting the bankruptcy process." Big Rivers, 182 B.R. at 754. Some courts have warranted withdrawal only when there is "compelling cause" or "truly exceptional and compelling circumstances." Citicorp North America, Inc. v. Finley (In re Washington Mfg. Co.), 133 B.R. 113, 116 (M.D. Tenn. 1991); Chrysler Credit Corp. v. Fifth Third Bank (In re Onyx Motor Car Corp.), 116 B.R. 89, 91 (S.D. Ohio 1990). Considering the facts of this case, the Court does not find that a withdrawal of the referral to Bankruptcy Court is warranted.

Although Judge Lloyd has not recused entirely from handling this bankruptcy case, the record reflects that she has effectively removed herself from matters dealing with Hyundai, where the conflict of interest exists. Hyundai's Motion for Relief From Stay was granted by Judge Stosberg. Further, the Bankruptcy record reflects at Docket Number 22 that the show cause hearing related to Hyundai's choice of counsel will take place before Judge Stosberg. Since the conflict issue is now moot, a show cause hearing will be unnecessary. Thus, the record as a whole indicates that Judge Lloyd has effectively recused

herself from dealing with Hyundai, and this Court has no interest in withdrawing the referral to the Bankruptcy Court.

For the foregoing reasons, Hyundai's Motion to Withdraw Reference is DENIED [DN1].

cc: counsel of record
    US Bankruptcy Court WD/KY